UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA P. BROWN,

                      Plaintiff,

                                    **DECISION AND ORDER**
                                        10-CV-396A

     v.

CHRISTOPHER LIAN, Jail Administrator, and
John Doe Officers,

                      Defendants.

On December 3, 2010, defendant Christopher Lian filed a motion, under Rule 55(c) of the Federal Rules of Civil Procedure, to set aside the entry of default filed against him on November 9, 2010. In support of his motion, defendant cites that a prior Order of the Court (Dkt. No. 3) was somewhat confusing as to whether the case would continue against him. Additionally, defense counsel cites law office failure in that, once he realized that the case was continuing against defendants, he "failed to appropriately diary the Answer date." (Dkt. No. 7-1 ¶ 8.) Defense counsel hopes for relief from the entry of default because, upon initial investigation of the case, "it is very likely that Christopher Lian was not present during any period of assault, did not witness an assault nor condone any assault by any officers in his operational control." (*Id.* ¶ 12.) In opposition to the motion, plaintiff, acting *pro se*, asserts that defense counsel's

explanations for the delay in answering his civil-rights complaint do not suffice to explain the failure to answer from September 22, 2010, when defense counsel received the papers in this case, to December 3, 2010, when defendant made the pending motion.

The rule for setting aside an entry of default is straightforward. "[W]e have established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted). The Court will review each of these factors in turn.

As for willfulness, "[w]e have interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless . . . . On the other hand, the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citations omitted). Here, the prior Order of the Court to which defense counsel has referred ordered service against defendant (Dkt. No. 3 at 3) and stated explicitly that plaintiff would have an opportunity to conduct discovery against defendant in the future for purposes of identifying the John Doe defendants (*id.* at 5). Additionally, the failure to diary an important control date such as the due date for an answer was

careless. That said, there appears to be no willfulness associated with the delay in answering such that defendant could be seen as intentionally ignoring plaintiff's complaint. Further, any confusion or misunderstanding about defendant's status in this case, though unwarranted, is not entirely unreasonable given the naming of six anonymous defendants, service by the United States Marshals, and initial involvement from the Steuben County Attorney's Office. Under these circumstances, the Court finds that defendant's default was not willful.

As for prejudice, the Court simply notes that the case remains in its very early stages. The alleged assault in question occurred in the summer of 2008, and any witness memories of that alleged event likely would not be affected by a delay of only a few months. Any documents or videotape footage of the event in question would not be affected by the delay at all. The Court thus finds that any prejudice imposed on plaintiff as a result of setting aside the default would be negligible.

Finally, the Court notes that defendant has presented what, at face value, appears to be a meritorious defense. "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron*, 10 F.3d at 98 (citations omitted); *accord State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374

F.3d 158, 167 (2d Cir. 2004) (citing *Enron*).  As partly noted above, defense counsel has represented that he has conducted an initial investigation of this case and found not only that defendant likely did not attend or condone any events in question, but also that plaintiff likely initiated physical contact during any events in question.  Plaintiff strongly contests defense counsel's representations, but the Court need not make credibility findings to find a potentially meritorious defense.  What matters here is that defendant, through his counsel, has raised a facially plausible defense stemming from a factual investigation that, if proven, would be a complete defense to all of the allegations against him.  Under those circumstances, defendant should have an opportunity to explore his defense further.

      For all of the foregoing reasons, therefore, the Court grants defendant's motion (Dkt. No. 7) to set aside the entry of default against him, and denies plaintiff's related motion for sanctions (Dkt. No. 9).  Defendant shall answer the complaint within 20 days of entry of this Order.

      SO ORDERED.

                                  *s/ Richard J. Arcara*
                                  HONORABLE RICHARD J. ARCARA
                                  UNITED STATES DISTRICT JUDGE

DATED: February 8, 2011