UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA P. BROWN,

          Plaintiff,

v.

CHRISTOPHER LIAN, et al.,

          Defendants.

**Hon. Hugh B. Scott**

10CV396A

**Order**

Before the Court is the pro se plaintiff's letter of May 2, 2011 (received in Chambers of

the undersigned on May 5, 2011), inquiring why a default judgment was not entered against

certain defendants in this action for failing to serve and file an Answer by the ordered deadline

(Docket No. 30).  Also attached was plaintiff's proposed motion for discovery sanctions for

defendants failure to produce certain initial disclosure (id., Attach.).  As will be discussed below,

the Court is **not** treating that attachment as a motion.

## BACKGROUND

Plaintiff initially sued the Steuben County jail administer Christopher Lian, Sheriff

Richard Tweddell, eighteen other corrections officers, officials and jail officers, and John Doe

officers (Docket No. 1, Compl.).  Plaintiff also moved for leave to proceed in forma pauperis

(Docket No. 2).  This Court, pursuant to 28 U.S.C. § 1913, granted that motion but dismissed the

claims against most of these defendants, leaving claims against Lian, Theodore Haley, Robert

McKinley, and Donald Strittmatter (Docket No. 3).  That Order directed these remaining

defendants to answer or otherwise respond to this Complaint (id.).  The Summons was executed

as to defendant Lian on September 23, 2010, and his Answer was due by October 14, 2010 (Docket No. 4), but on November 4, 2010, plaintiff filed a Request for Clerk's Entry of Default when no Answer was filed (Docket No. 5).  The Court Clerk entered default against Lian on November 9, 2010 (Docket No. 6), but Lian moved to set aside that default (Docket No. 7) and that motion was granted (Docket No. 12).  Lian filed his Answer on February 15, 2011 (Docket No. 13).  On March 3, 2011, plaintiff filed a second Request for Clerk's Entry of Default, again against Lian (Docket No. 16).  That request was denied because Lian had filed his Answer on February 15, 2011 (Docket No. 13).

This case then was referred to the undersigned for pretrial disposition (Docket No. 14) and a prison inmate Scheduling Order was entered (Docket No. 15).

Meanwhile, the other remaining defendants (Haley, McKinley, and Strittmatter) had not answered (or had proof of the execution of Summonses against them filed).  This Court entered an Order to amend the caption of this action to include Haley, McKinley, and Strittmatter and to give them thirty days to answer (or by April 7, 2011) (Docket No. 17; see Docket No. 18, letter of defense counsel Donald S. Thomson, Feb. 28, 2011, to Judge Arcara, identifying "John Doe defendants" and waiving service upon them).

After plaintiff sought to amend the Complaint (Docket No. 23; see Docket No. 19) and then withdrew this motion (Docket No. 24; see Docket No. 25), plaintiff filed an Affirmation (dated April 9, 2011) on April 15, 2011, seeking entry of default judgment against Haley, McKinley, and Strittmatter (Docket No. 26).  Plaintiff then wrote to Chambers on April 25, 2011 (filed on April 28, 2011, Docket No. 28) again seeking entry of default.  On April 20, 2011, defendants amended their Answer to have Haley, McKinley, and Strittmatter assert defenses with

Lian (Docket No. 27), but served it upon plaintiff at the Clinton Correctional Facility (id., Cert. of Service). On April 28, 2011, this Court denied plaintiff's motion for entry of default (Docket No. 29).

According to the Court's records, however, plaintiff is currently at the Great Meadow Correctional Facility and had been there since July 2010. Defense counsel had sent all papers in this case to Clinton Correctional Facility (see Docket Nos. 7, 13, 27). Plaintiff, in fact, responded to a defense motion sent to him at Clinton Correctional Facility (Docket Nos. 10, 11)[1].

Plaintiff again has written to Chambers (but without service upon defense counsel or formal filing with the Court Clerk) asking about the failure of the Court Clerk to enter default against Haley, McKinley, and Strittmatter for not filing a timely answer on April 7, 2011 (Docket No. 30). He also attached his motion (which the Court deems to be a mere proposal for a motion) regarding defendants' failure to produce certain initial disclosure called for in the Scheduling Order (id., Attach.; see Docket No. 15). At the instruction of this Court, this letter was filed (id.). Plaintiff later submitted for filing a motion for discovery sanctions (Docket No. 31, dated May 3, 2011, filed May 12, 2011), but that motion did not include any proof of service upon defendants. As with his other letters, plaintiff only indicates that he included a carbon copy ("cc") of the letter motion to the "File" (id. at second unnumbered page).

---

[1]This District's Local Civil Rule 5.2(d) requires the pro se party to furnish the Court with his current address and that the Court must have a current address at all times. The pro se party must immediately inform the Court of any change of address in writing. Failure to do so may result in dismissal of the case with prejudice.

DISCUSSION

I.      Entry of Default Re-Examined

Plaintiff is insisting upon compliance with the rules, but he is not fully compliant himself. As for his inquiry why default was not entered against Haley, McKinley, and Strittmatter, while they failed to answer or seek an extension of time by April 7, 2011, they did answer thirteen days later.  Under Federal Rule of Civil Procedure 55, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default," Fed. R. Civ. P. 55(a).  That default may be set aside for good cause, id., R. 55(c).  Entry of default is the first step to entry of default judgment, see id. R. 55(b).  Entry of default judgment "is not a matter of right but is in the sound discretion of the court," Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296, 297 (S.D. Tex. 1967), with default judgments generally not favored and any doubt in entering or setting aside a default judgment must be resolved in favor of the defaulting party, id.

Here, plaintiff was not prejudiced by these defendants filing and serving their Answer late or sending it to the wrong correctional facility.  Absent substantial prejudice to a plaintiff, a defaulting defendant who has appeared late before the Court should be allowed to answer the Complaint, id. at 297-98.  Courts have set aside entry of default where defendants have filed answers days or weeks later, see Foy v. Dicks, 146 F.R.D. 113, 116 (E.D. Pa. 1993) (plaintiff did not claim that delay in answering of six to seven weeks would result in the loss of evidence, increase the possibility of fraud and collusion, or that plaintiff substantially relied upon the entry of default); Momah v. Albert Einstein Med. Ctr., 161 F.R.D. 304, 307, 308 (E.D. Pa. 1995) (defendant filed answer four days after expiration of filing deadline, error held not to prejudice

4

plaintiff or have been the result of bad faith); <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir.

1986) (<u>pro se</u> plaintiff failed to demonstrate prejudice when defendants filed Answer at same

time he filed motion for default judgment).

To eliminate any potential confusion, defendants are ordered to **re-serve the Amended**

**Answer (Docket No. 27) upon plaintiff at his current address, the Great Meadow**

**Correctional Facility**.  The momentary delay of at least thirteen days (between the filing

deadline and filing) or later (until re-service of the Amended Answer) will not prejudice plaintiff.

This action is in the early discovery stage and no proceedings have been delayed by defendants'

failure to timely serve and file their Answer.  Thus, plaintiff's apparent renewed motion for entry

of default as against these defendants (Docket No. 30), again is **denied**.

II.     Filing and Service by <u>Pro Se</u> Parties

As a <u>pro se</u> litigant in this District, plaintiff has to "become familiar with, follow, and

comply with the Federal Rules of Civil Procedure, and the Local Rules of Civil Procedure,"

W.D.N.Y. Loc. Civ. R. 5.2(<u>i</u>) (effective Jan. 1, 2011), including its special provisions for <u>pro se</u>

litigants, <u>id.</u>  "Failure to comply with the Federal Rules of Civil Procedure and Local Rules of

Civil Procedure may result in the dismissal of the case, with prejudice," <u>id.</u>

Rule 5 of the Federal Rules of Civil Procedure set out the procedure for serving and filing

pleadings and papers.  A written motion or notice, demand, or similar paper must be served upon

every party with a certificate of service, Fed. R. Civ. P. 5(a)(1)(D), (E), (d)(1), and must be filed

with the Court Clerk, <u>id.</u> R. 5(d)(2)(A) or to a "judge who agrees to accept it for filing . . .," <u>id.</u> R.

5(d)(2)(B).  While in the past, this Court has taken plaintiff's unserved letters and filed them with

the Court Clerk for him (with defense counsel effectively being served the paper by transmission

of the electronic filing of these letters), this Court **will no longer do that**.  Henceforth, plaintiff

is to serve and file all papers consistent with Rule 5; failure to do so plaintiff risks not having the

Court act upon his unfiled and unserved motions and papers.

      For example, the attachment to plaintiff's latest letter (Docket No. 30, Attach.) purports

to be a motion for discovery sanctions.  But this letter was not copied to defense counsel much

less formally served upon him.  It is unclear whether the good faith efforts to obtain the

disclosure was done or certified that such efforts occurred or were attempted, <u>see</u> Fed. R. Civ. P.

37(a)(1), the prerequisite before the Court orders discovery sanctions for defendants' failure to

disclose, <u>id.</u>, R. 37(a)(3)(A), (5)(A).  Therefore, in order to obtain the relief plaintiff appears to be

seeking regarding the disclosure that was not produced, he would have to make a formal motion,

served upon defense counsel, and filed with the Court Clerk, and not write a letter to Chambers

and hope this will suffice to obtain relief.  The attachment to plaintiff's May 2, 2011, letter

(Docket No. 30) will **not be deemed a motion and will not be acted upon**.

      As for the filed letter motion (Docket No. 31), plaintiff is to file a certificate of service

showing proof that he served his opponent by **May 27, 2011**.  Upon filing of that proof, this

Court will set forth a briefing schedule for that motion; absent that proof, the motion will be

deemed terminated.

CONCLUSION

      For the reasons stated above, plaintiff's apparent renewed request for entry of default

against defendants Haley, McKinley, and Strittmatter (Docket No. 30; <u>see</u> Docket No. 26) is

**denied**.  Defendants are ordered to **re-serve the Amended Answer (Docket No. 27) upon**

**plaintiff at his current address, at the Great Meadow Correctional Facility**.

6

Plaintiff shall file a certificate of service for his motion for discovery sanctions (Docket

No. 31) by **May 27, 2011**; failure to so file will rendered that motion deemed **terminated**.  Upon

the filing of that proof of service, this Court will issue a briefing schedule for that motion.

So Ordered.

/s/ Hugh B. Scott
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       May 13, 2011