UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA P. BROWN,

       Plaintiff,

                     **Hon. Hugh B. Scott**

       v.

                       10CV396A

                       **Order**

CHRISTOPHER LIAN, et al.,

       Defendants.

   Before the Court is the motion of plaintiff (an inmate proceeding <u>pro se</u>) for discovery sanctions (Docket No. 31[1]), filed with proof of service (Docket No. 35) as ordered by the Court (Docket No. 32), <u>see also</u> Fed. R. Civ. P.5(d)(1).  After filing proof of service, responses to this motion were due by June 14, 2011, with any reply due June 28, 2011, and the motion deemed submitted (without oral argument) on June 28, 2011 (Docket No. 36).  Defendants responded, on June 20, 2011 (Docket Nos. 37, 38), which plaintiff objected to in his reply (Docket No. 40).  Although the letter reply was sent directly to the Chambers of the undersigned, rather than formally filed with the Court Clerk (<u>cf.</u> Docket No. 32, Order at 5-6), this reply was accepted for filing, Fed. R. Civ. P. 5(d)(2)(B) (Docket No. 40).

BACKGROUND

   Plaintiff initially sued the Steuben County jail administer Christopher Lian, Sheriff Richard Tweddell, eighteen other corrections officers, officials and jail officers, and John Doe

---

[1] In support of his motion, plaintiff submits his letter motion, Docket No. 31, and his letter reply, Docket No. 40.  In opposition, defendants submit their attorney's affirmation in opposition, Docket No. 37, with exhibits, Docket No. 38.

officers (Docket No. 1, Compl.). Plaintiff also moved for leave to proceed in forma pauperis (Docket No. 2). This Court, pursuant to 28 U.S.C. § 1913, granted that motion but dismissed the claims against most of these defendants, leaving claims against Lian, Theodore Haley, Robert McKinley, and Donald Strittmatter (Docket No. 3[2]). That Order directed these remaining defendants to answer or otherwise respond to this Complaint (id.). The Summons was executed as to defendant Lian on September 23, 2010, and his Answer was due by October 14, 2010 (Docket No. 4), but on November 4, 2010, plaintiff filed a Request for Clerk's Entry of Default when no Answer was filed (Docket No. 5). The Court Clerk entered default against Lian on November 9, 2010 (Docket No. 6), but Lian moved to set aside that default (Docket No. 7) and that motion was granted (Docket No. 12). Lian filed his Answer on February 15, 2011 (Docket No. 13). On March 3, 2011, plaintiff filed a second Request for Clerk's Entry of Default, again against Lian (Docket No. 16). That request was denied because Lian had filed his Answer on February 15, 2011 (Docket No. 13).

This case then was referred to the undersigned for pretrial disposition (Docket No. 14) and a Scheduling Order was entered (Docket No. 15).

Meanwhile, the other remaining defendants (Haley, McKinley, and Strittmatter) had not answered (or had proof of the execution of Summonses against them filed). This Court entered an Order to amend the caption of this action to include Haley, McKinley, and Strittmatter and to give them thirty days to answer (or by April 7, 2011) (Docket No. 17; see Docket No. 18, letter

---

[2]Plaintiff subsequently paid the $350 filing fee, text docket entry dated May 9, 2011, see also 28 U.S.C. § 1915(b)(1) (nothwithstanding grant of in forma pauperis status, inmate plaintiff must pay filing fee).

of defense counsel Donald S. Thomson, Feb. 28, 2011, to Judge Arcara, identifying "John Doe defendants" and waiving service upon them).

After plaintiff sought to amend the Complaint (Docket No. 23; see Docket No. 19) and then withdrew this motion (Docket No. 24; see Docket No. 25), plaintiff filed an Affirmation (dated April 9, 2011) on April 15, 2011, seeking entry of default judgment against Haley, McKinley, and Strittmatter (Docket No. 26). Plaintiff then wrote to Chambers on April 25, 2011 (filed on April 28, 2011, Docket No. 28) again seeking entry of default. On April 20, 2011, defendants amended their Answer to have Haley, McKinley, and Strittmatter assert defenses with Lian (Docket No. 27), but served it upon plaintiff at the Clinton Correctional Facility (id., Cert. of Service). On April 28, 2011, this Court denied plaintiff's motion for entry of default (Docket No. 29).

According to the Court's records, however, plaintiff is currently at the Great Meadow Correctional Facility and had been there since July 2010 [3]. Defense counsel had sent all papers in this case to Clinton Correctional Facility (see Docket Nos. 7, 13, 27). Plaintiff, in fact, responded to a defense motion sent to him at Clinton Correctional Facility (Docket Nos. 10, 11).

Plaintiff again has written to Chambers (but without service upon defense counsel or formal filing with the Court Clerk) asking about the failure of the Court Clerk to enter default against Haley, McKinley, and Strittmatter for not filing a timely answer on April 7, 2011 (Docket No. 30). He also attached his motion (which the Court deems to be a mere proposal for a

---

[3]This District's Local Civil Rule 5.2(d) requires the pro se party to furnish the Court with his current address and that the Court must have a current address at all times. The pro se party must immediately inform the Court of any change of address in writing. Failure to do so may result in dismissal of the case with prejudice.

motion) regarding defendants' failure to produce certain initial disclosure called for in the Scheduling Order (id,, Attach.; see Docket No. 15), the motion now before this Court (Docket No. 31). At the instruction of this Court, this letter was filed (Docket No. 30). Plaintiff later submitted for filing a motion for discovery sanctions (Docket No. 31, dated May 3, 2011, <u>filed</u> May 12, 2011), but that motion did not include any proof of service upon defendants. As with his other letters, plaintiff only indicates that he included a carbon copy ("cc") of the letter motion to the "File" (id. at second unnumbered page). This Court ordered plaintiff to serve this motion and file proof of service (Docket No. 32), which plaintiff did (Docket No. 35).

*Motion for Discovery Sanctions*

Plaintiff complains that the Scheduling Order had required defendants to provide initial disclosure by May 2, 2011, but defendants withheld that information (Docket No. 31, Pl. Letter Motion at 1). Plaintiff claims that he wrote repeatedly to defense counsel seeking information about two additional defendants but defendants failed to respond. Defendants had records of logs of who was on duty (deputies and sergeant) on July 16, 2008, when the incident at issue occurred. Plaintiff now seeks sanctions for defendants' "willful violation" of the Scheduling Order in not producing this initial disclosure (id.). Plaintiff also seeks identification of plaintiff's cell location at the time of the July 16, 2008, incident; the names of inmates in neighboring cells at that time; video recordings and photographs of the cell taken the next day from a camera mounted on the ceiling above that cell; a copy of photographs of plaintiff taken on July 16 upon his entry into the Wyoming County Jail, showing injuries to his face; a copy of plaintiff's Order of Release; and all policies and procedures on how deputies are to enter a cell in force (id. at 2).

Defendants responded that counsel inquired if other deputies or officers were involved in this incident and further discovery may or may not reveal additional officers involved (Docket No. 37, Defs. Atty. Affirm. ¶¶ 3-5). As for plaintiff's other requests, defendants state that plaintiff was in Unit 3. Defendants decline to identify three other inmates near plaintiff's cell absent an Order due to the privacy rights of these inmates, but names a fourth person. Defendants reveal that video footage exists and is being retained, but defendants do not possess photographs of plaintiff's entry into the Wyoming County Jail. (Id. ¶¶ 6-8.) Defendants deny the existence of specific policies regarding procedures for entry into cells by force (id. ¶ 9) and defendants do not have plaintiff's Order of Release in their possession (id. ¶ 10). They also produced grievances, plaintiff's inmate and medical records (id. ¶ 11; Docket No. 38). They conclude that plaintiff's motion for sanctions should be denied.

In reply, plaintiff first objects to the late response to his motion (due June 14, 2011, but dated June 20, 2011) and seeks reasonable sanctions (Docket No. 40, Pl. Letter Reply at 1). Plaintiff cites his filing fee and the costs he had to bear from his inmate account for mailing motion papers, but he did not state what his costs were.

## DISCUSSION

I.   Applicable Standards

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(5)(A). If a party fails to make initial disclosure under Rule 26(a), any other party may move to compel disclosure and for appropriate

sanctions, <u>id.</u>,R. 37(a)(3). Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ," Fed. R. Civ. P. 26(a)(1)(B), as well as furnishing the names and known addresses and telephone numbers of individuals likely to have discoverable information, <u>id.</u>, R. 26(a)(1)(i).

II.     Discovery Sanctions

Plaintiff thus seeks two forms of relief; first, sanctions for not making initial disclosure and production and, second, compelled discovery of certain items indicated in the motion.

Here, defendants made some disclosures as indicated in their response to this motion (albeit six days late from the motion response deadline), but they did not state precisely when the initial disclosures were made, and indicated that further inquiries were required to make a complete response regarding those involved in this incident (Docket No. 37, Defs. Atty. Decl. ¶¶ 3-5). It appears that defendants made their initial disclosure for the first time in this motion response and that this disclosure is incomplete since further investigation is needed to identify if others were involved, <u>cf.</u> Fed. R. Civ. P. 26(e)(1) (obligation to supplement discovery and disclosure either as the party learns that its response is incomplete or incorrect or as ordered by the Court). If disclosure is made in the face of a motion to compel, the Court treats the motion substantively as moot but then determines whether the movant's reasonable motion expenses should be imposed as a sanction.

As a result, plaintiff's motion for discovery sanctions is **granted**. Plaintiff is to submit a statement of his motion expenses, that is his duplicating, postage, and other costs directly related to filing this motion to compel. Note, the filing fee is <u>not</u> a reasonable motion cost that may be

recovered as a sanction. Since plaintiff is proceeding pro se, there also should be no attorney's fee application in this statement. Plaintiff's application is due **fourteen (14) days** from entry of this Order, or by **July 20, 2011**. Defendants may respond to this application, including whether their failure to respond (or delayed response) was substantially justified or whether other circumstances make an award of expenses unjust, see Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Defendants are to respond by **August 4, 2011**. Both sides are to address whether any sanction should be imposed upon defendants, their attorney, or both, id., R. 37(a)(5)(A). This application will be deemed submitted on the papers as of **August 4, 2011**, without oral argument.

Defendants are reminded of their supplementation obligation; in particular, if they learn of additional persons that should be disclosed under Rule 26(a) they have a continuing duty to do so.

III.   Compelled Production

The second half of plaintiff's motion appears to be one seeking to compel production of specific items from defendants (Docket No. 31, Pl. Letter Motion at 2; see also Docket No. 20, plaintiff's discovery requests which make same requests as present in this motion). Defense responses to this motion indicate what has been produced and what exists in defendants' possession, custody or control, see Fed. R. Civ. P. 34(a)(1). Plaintiff's reply does not question the adequacy of this production, including defendants' objection to identifying other inmates absent a Court Order.

As indicated in the table below, defendants responded to each of plaintiff's discovery demands.

| Plaintiff's Requested Discovery (Docket No. 31, Pl. Motion at 2) | Defense Response (Docket No. 37, Defs. Atty. Decl.) |
|---|---|
| identification of plaintiff's cell location at the time of the July 16, 2008, incident | plaintiff located in Unit 3, ¶ 6 |
| the names of inmates in neighboring cells at that time | refuses to identify (privacy issues of other inmates), ¶ 6 |
| video recordings and photographs of the cell taken the next day | preserving DVD of video footage, ¶ 7 |
| copy of photographs of plaintiff taken on July 16, showing injuries to his face | no photograph taken when plaintiff entered Wyoming County jail, ¶ 8 |
| a copy of plaintiff's Order of Release | did not have that Order, ¶ 10 |
| all policies and procedures on how deputies are to enter a cell in force | no specific policies, ¶ 9 |

As with the initial disclosure, however, defendants do not indicate whether the motion response is the first time they have produced this discovery. Unlike plaintiff's motion for sanctions for not making initial disclosure, a motion to compel the production sought here plaintiff needed to assert that he had conferred in good faith or attempted to do so to avoid a motion to compel, Fed. R. Civ. P. 37(a)(1); but see id., R. 26(a)(1)(A) (initial disclosures are to be made without awaiting a discovery request). Plaintiff has not provided a recitation of those attempts.

Given that defendants appear to have responded fully to plaintiff's sought discovery, his motion as to those items is **deemed moot**.

## CONCLUSION

For the reasons stated above, plaintiff's motion for discovery sanctions (and in effect to compel production) (Docket No. 31) is **granted in part, denied in part** as indicated above. In particular, plaintiff's motion for sanctions regarding the failure to serve initial disclosure is **granted**; plaintiff shall file a statement of its reasonable costs relative to this motion by **fourteen**

8

**(14) days** from entry of this Order, or by **July 20, 2011**. Defendants may respond to this application by **August 4, 2011**. This application will be deemed submitted on the papers as of **August 4, 2011**, without oral argument.

Plaintiff's remaining motion, deemed to be for compelling discovery of certain items, is **deemed moot** given defendants' responding production.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       July 6, 2011