UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA P. BROWN,

                Plaintiff,

                                                                   **Hon. Hugh B. Scott**

                v.

                                                                   10CV396A

                                                                   **Order**

CHRISTOPHER LIAN, et al.,

                Defendants.

      Before the Court is the motion of plaintiff (an inmate proceeding pro se) for discovery sanctions (Docket No. 31[1]), filed with proof of service (Docket No. 35) as ordered by the Court (Docket No. 32), see also Fed. R. Civ. P.5(d)(1). This motion was granted in relevant part (Docket No. 41), with plaintiff given time to submit his reasonable motion costs. Now pending before the Court is plaintiff's fee application (Docket No. 45). Responses were due by August 19, 2011 (Docket No. 46; cf. Docket No. 41).

      Plaintiff now seeks $65 for postage, copying, and researching cases (Docket No. 45; cf. Docket No. 52, Defs. Atty. Affirm. ¶ 2), holding defendants Officers Mills and Madjadi and Sergeant Lebarron and defense counsel jointly responsible for the fees (Docket No. 51). Defendants noted in response that plaintiff did not break down the costs associated with the $65 demanded, in particular not specifying the costs of research involved with his motion (Docket

---

[1] In support of his motion, plaintiff submits his letter motion, Docket No. 31, and his letter reply, Docket No. 40. In opposition, defendants submit their attorney's affirmation in opposition, Docket No. 37, with exhibits, Docket No. 38.

No. 52, Defs. Atty. Affirm. ¶¶ 3-4). They did not respond to plaintiff's allocation of the parties responsible for the sanction.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if the motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Under Rule 37, the movant is entitled to reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). As with attorney's fee rates (not applicable here in this pro se action), this Court has discretion to determine the reasonableness of expenses incurred based on the Court's knowledge of prevailing community rates, see Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see also Johnson v. the Bon Ton Dep't Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *11(W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.).

Plaintiff seeks a modest amount of $65, but does not specify the costs he incurred to reach this figure. Plaintiff shall submit a statement detailing the expenses that totaled $65 and submit it by **September 12, 2011**. Plaintiff's inmate account may provide the detail sought to justify his cost application.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 29, 2011