UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

DANA P. BROWN,
                              Plaintiff,


                              v.                                    **Hon. Hugh B. Scott**

                                                                    10CV396A

                                                                    **Order**

CHRISTOPHER LIAN, et al.,

                              Defendants.
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

        Before the Court is the motion of plaintiff (an inmate proceeding pro se) to compel

(Docket No. 47[1]).  Responses to this motion were due by September 1, 2011, with any reply due

September 13, 2011, and the motion deemed submitted (without oral argument) on

September 13, 2011 (Docket No. 50).

        Previously, plaintiff moved for discovery sanctions (Docket No. 31), which was granted

in part (Docket No. 41) and the award of discovery sanctions is pending (Docket No. 45).

Familiarity with this previous Order (Docket No. 41) is presumed.

                                            BACKGROUND

        Plaintiff initially sued the Steuben County jail administer Christopher Lian, Sheriff

Richard Tweddell, eighteen other corrections officers, officials and jail officers, and John Doe

officers for excessive force and cruel and unusual punishment while in the Steuben County Jail

(Docket No. 1, Compl.).  Plaintiff claims that in the summer of 2008 defendant Lian laughed at

_____

        [1]In support of his motion, plaintiff submits his notice of motion, Docket No. 47; the
motion to compel, Docket No. 48; plaintiff's affirmation, Docket No. 49.  In opposition,
defendants submit their attorney's affirmation in opposition (with exhibits), Docket No. 55.

plaintiff and claimed that he was not responsible since plaintiff had been released from custody

as officers jumped plaintiff and assaulted him (id. at 5).  Plaintiff also moved for leave to proceed

in forma pauperis (Docket No. 2).  This Court, pursuant to 28 U.S.C. § 1913, granted that motion

but dismissed the claims against most of these defendants, leaving claims against Lian, Theodore

Haley, Robert McKinley, and Donald Strittmatter (Docket No. 3).  Plaintiff later identified three

of the John Doe defendants (see Docket No. 51, 57, 58) and he was given until October 3, 2011,

to file and serve an Amended Complaint naming them (Docket No. 58).

This case then was referred to the undersigned for pretrial disposition (Docket No. 14)

and a Scheduling Order was entered (Docket No. 15).

*Motion for Discovery Sanctions, Docket No. 31*

Plaintiff complained that the Scheduling Order had required defendants to provide initial

disclosure by May 2, 2011, but defendants withheld that information (Docket No. 31, Pl. Letter

Motion at 1).  Plaintiff claimed that he wrote repeatedly to defense counsel seeking information

about two additional defendants but defendants failed to respond.  Defendants had records of logs

of who was on duty (deputies and sergeant) on July 16, 2008, when the alleged incident occurred.

Plaintiff sought sanctions for defendants' "willful violation" of the Scheduling Order in not

producing this initial disclosure (id.).  Plaintiff also wanted identification of plaintiff's cell

location at the time of the July 16, 2008, incident; the names of inmates in neighboring cells at

that time; video recordings and photographs of the cell taken the next day from a camera

mounted on the ceiling above that cell; a copy of photographs of plaintiff taken on July 16 upon

his entry into the Wyoming County Jail, showing injuries to his face; a copy of plaintiff's Order

of Release; and all policies and procedures on how deputies are to enter a cell in force (id. at 2).

2

Defendants responded that counsel inquired if other deputies or officers were involved in this incident and further discovery may or may not reveal additional officers involved (Docket No. 37, Defs. Atty. Affirm. ¶¶ 3-5).  As for plaintiff's other requests, defendants state that plaintiff was in Unit 3.  Defendants decline to identify three other inmates near plaintiff's cell absent an Order due to the privacy rights of these inmates, but names a fourth person. Defendants reveal that video footage exists and is being retained, but defendants do not possess photographs of plaintiff's entry into the <u>Wyoming</u> County Jail.  (<u>Id.</u> ¶¶ 6-8.)  Defendants deny the existence of specific policies regarding procedures for entry into cells by force (<u>id.</u> ¶ 9) and defendants do not have plaintiff's Order of Release in their possession (<u>id.</u> ¶ 10).  They also produced grievances, plaintiff's inmate and medical records (<u>id.</u> ¶ 11; Docket No. 38).  They conclude that plaintiff's motion for sanctions should be denied.

In reply, plaintiff first objects to the late response to his motion (due June 14, 2011, but dated June 20, 2011) and seeks reasonable sanctions (Docket No. 40, Pl. Letter Reply at 1). Plaintiff cites his filing fee and the costs he had to bear from his inmate account for mailing motion papers, but he did not state what his costs were.

This Court granted plaintiff's motion to compel production of defense's initial disclosure and denied as moot his motion to compel production of certain items and ordered briefing of plaintiff's discovery sanction application (Docket No. 41).

*Plaintiff's Second Motion to Compel, Docket No. 47*

Plaintiff now seeks production of a copy of the state court Order releasing plaintiff from Steuben County Jail; photographs taken of plaintiff's cell in July 16-17, 2008; the name of the person who authorized entry in force into that cell, all memoranda on that authorization;

photographs of plaintiff when he was processed in the Wyoming County Jail in July 16, 2008;

copy of log entries when plaintiff left for court and returned on July 16, 2008; an affidavit from a

Louis Early as to what he saw on July 16, 2008; all files (including internal affairs and inspector

general files) regarding this incident; each defendant's personnel files, specifically on

disciplinary records; and any other use of force incidents whether defendants were disciplined

(administratively or criminally) (Docket No. 48, Motion at 1-2).  He affirms that he attempted to

obtain this discovery unsuccessfully and wrote numerous times to defense counsel to obtain it

(Docket No. 49, Pl. Affirm.), although he did not attach any copies of that correspondence.

In response, defendants note that some of the items sought were already produced with

the initial disclosure (Docket No. 55, Defs. Atty. Affirm. ¶ 4).  They also note that there was no

prior request for the items sought, save the initial disclosure items already produced (id. ¶ 3).  For

the remaining items, defendants note the items that were being produced with that response (id.

¶ 4(1), (5), Ex. A), were produced previously (id. ¶ 4(3)), or are unknown to defendants (id.

¶ 4(6), (7)).  They assert a privilege under the New York Civil Rights Law § 50-a against

disclosure of defendants' personnel and disciplinary records absent a Court Order (id. ¶ 4(8),

(9)).

DISCUSSION

I.       Applicable Standards

As previously noted (Docket No. 41, Order of July 6, 2011, at 5), Federal Rule of Civil

Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that

motion including a certification that the movant in good faith conferred or attempted to confer

with the party not making the disclosure to secure that disclosure without court intervention.

4

Fed. R. Civ. P. 37(a)(5)(A).  If a party fails to make initial disclosure under Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions, id.,R. 37(a)(3).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection," where a party fails to respond to a request to inspect documents, id., R. 37(a)(3)(B)(iv).  Rule 34 requires a requesting party to serve a request that describes the items or category of items sought, id., R. 34(b)(1)(A).

II.    Application

First the Court considers the defense argument that plaintiff did not serve discovery demands but instead moved to compel.  Plaintiff stated that he made numerous written requests for discovery (Docket No. 49, Pl. Affirm.) but does not attach copies of that correspondence and did not file (as required by pro se parties under this Court's Local Civil Rule 5.2(f)) his discovery demands.  If this motion to compel is the first time plaintiff requested these items, his motion is premature and is **denied** as to those items sought.

As defendants note (Docket No. 55, Defs. Atty. Affirm. ¶ 3), some of plaintiff's current demands were already produced with the initial disclosure (such as video recording and phonographs of the cell, photographs taken of plaintiff on July 16, 2008).  On these items, plaintiff's motion is **denied as moot** absent any allegation that the initial disclosure was insufficient.  The only change is that plaintiff's Order of Release was located and produced with the response to the second motion (Docket No. 55, Defs. Atty. Affirm. ¶ 4(1), Ex. A)).  As for the items that defendants produced in the face of this motion, cf. Fed. R. Civ. P. 37(a)(5)(A), plaintiff's motion to compel is **deemed moot** but he **prevails in part** for discovery sanction purposes.

Unlike plaintiff's motion for sanctions for not making initial disclosure, a motion to compel the production sought here plaintiff needed to assert that he had conferred in good faith or attempted to do so to avoid a motion to compel, Fed. R. Civ. P. 37(a)(1); but see id., R. 26(a)(1)(A) (initial disclosures are to be made without awaiting a discovery request). Plaintiff has not provided a recitation of those attempts. Instead, he generally alleges that he tried unsuccessfully through "numerous [sic] writings" to obtain discovery (Docket No. 49, Pl. Affirm.). Even as an inmate proceeding pro se, this general response is not sufficient certification of efforts of plaintiff to obtain relief short of coming to Court. Since his motion also appears to be the first request for production of documents, any discovery sanction that may have been warranted (for example, where defendants produced in the face of the motion) is **denied**.

One new request plaintiff makes is for the personnel and disciplinary records of the individual defendants. The New York Civil Rights Law requires either the "express written consent" of the officer involved or a Court Order before these confidential records can be released, N.Y. Civ. Rts. Law § 50-a(1). Under that state statute, "prior to issuing such court order the judge must review all such requests and give interested parties the opportunity to be heard. No such order shall issue without a clear showing of facts sufficient to warrant the judge to request records for review," id. § 50-a(2); Mercado v. Division of N.Y. State Police, 989 F. Supp. 521, 522 (S.D.N.Y. 1998). If a sufficient basis is found, these records are turned over to the Court under seal for in camera review and the Court will decide which of "those parts of the record found to be relevant and material [are to be made] available to the persons so requesting," N.Y. Civ. Rts. Law § 50-a(3). Plaintiff thus needs to show the materiality and relevance of the individual defendants' personnel and disciplinary records to warrant this Court's in camera

6

review before production to plaintiff, see Pierce v. Ottaway, No. 06CV644, 2009 U.S. Dist. LEXIS 21866, at *9-11 (W.D.N.Y. Mar. 18, 2009) (Curtin, J.); see also Martin v. Lamb, 122 F.R.D. 143, 147 (W.D.N.Y. 1988) (Fisher, Mag. J.).  While this privilege is only qualified in federal courts, this Court must balance the need for the information against the public's interest in disclosure or nondisclosure, Aguilar v. Immigration & Customs Enforcement, 259 F.R.D. 51, 56 (S.D.N.Y. 2009).  Defendants have asserted the privilege by referencing New York Civil Rights Law and the type of records sought by plaintiff; thus, the burden is on plaintiff to show the materiality and relevance of those records to justify this Court's in camera inspection.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 47) is **granted in part, denied in part** as indicated above.  As for producing the individual defendant's personnel or disciplinary records, plaintiff shall have until **October 28, 2011**, to submit his showing of the materiality and relevance of these records to support in camera review and, ultimately, production to plaintiff.

So Ordered.

*/s/ Hugh B. Scott*
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
         September 29, 2011