UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA P. BROWN,

                Plaintiff,

                                                          **Hon. Hugh B. Scott**

                v.

                                                          10CV396A

                                                             **Order**

CHRISTOPHER LIAN, et al.,

                Defendants.

Before the Court initially was the first motion of plaintiff (an inmate proceeding pro se) for discovery sanctions (Docket No. 31), filed with proof of service (Docket No. 35) as ordered by the Court (Docket No. 32), see also Fed. R. Civ. P.5(d)(1). This motion was granted in relevant part (Docket No. 41), with plaintiff given time to submit his reasonable motion costs.

Now pending before the Court is plaintiff's fee application (Docket No. 45) in which plaintiff now seeks $65 for postage, copying, and researching cases (Docket No. 45[1]; Docket No. 57; cf. Docket No. 52, Defs. Atty. Affirm. ¶ 2). Responses to this application were due by August 19, 2011 (Docket No. 46; cf. Docket No. 41). After defendants noted in their response that plaintiff failed to break down the costs associated with the $65 demanded, in particular not specifying the costs of research involved with his motion (Docket No. 52, Defs. Atty. Affirm. ¶¶ 3-4), this Court ordered plaintiff to supplement his application by September 12, 2011 (Docket No. 53). Plaintiff was then given until September 20, 2011, to completely supplement his

---

[1] In addition to the papers discussed in the text, in support of this motion, plaintiff submits his supplementing letter of Sept. 19, 2011, and exhibit, Docket No. 61.

application and defendants were allowed to respond to this supplementation by October 4, 2011, and the application was deemed submitted as of October 4, 2011 (Docket No. 58).

Plaintiff then described his postal expenses in a subsequent letter to this Court (Docket No. 57), listing $26.80 in photocopying and $19.60 in postage (id. at 1, Ex. A).  His letter also notes postage and copying expenses totaling $20.74[2] that he believed he incurred and was trying to locate documentation to support (id. at 1).  He also documents $8.03 in copying costs (Docket No. 61).  Subsequent to this motion, the Court appointed counsel to represent plaintiff (Docket No. 70).

Under Federal Rule of Civil Procedure 37(a)(5)(A), if the motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Under Rule 37, the movant is entitled to <u>reasonable</u> costs and attorneys' fees.  "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2288, at 666-67 (Civil 2d ed. 1994); <u>see also</u> <u>Addington v. Mid-American Lines</u>, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  As with attorney's fee rates (not applicable here in this <u>pro se</u> action), this Court has discretion to determine the reasonableness of expenses incurred based on the Court's knowledge of prevailing community rates, <u>see</u> <u>Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc.</u>, 212 F.R.D. 94, 103

---

[2] Or for the total of $5.40, $7.08, $3.40, $1.76, and $3.10.

(E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); <u>see also</u> <u>Johnson v. the Bon Ton Dep't Stores</u>, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *11(W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.).

Plaintiff seeks a modest amount of $65, although $54.43 of his claimed expenses are for postage and copying that plaintiff has documented and $20.74 of which plaintiff is searching for documentation (totaling $76.17). Plaintiff filed a four-page Request for Discovery Sanctions (Docket No. 31), which plaintiff served on defense counsel (Docket No. 35, Cert. of Service), indicated in a two-page Certificate of Service (<u>id.</u>). Plaintiff then sent a single page letter (with copy to defense counsel) in reply to defendants' response to his motion (Docket No. 40). Thus, from filed documents, plaintiff filed a total of seven pages and, assuming he sent an equal number of pages in serving defense counsel and retained a copy of his served and filed papers, plaintiff copied a total of twenty-one pages. He also documents $8.03 in duplicating costs (Docket No. 61) included in the $54.43 subtotal. Plaintiff does not state the rate the Department of Correctional Services charged for each copied page.

The postage advances noted in plaintiff's exhibit were imposed on June 29, 2011 (Docket No. 57, Ex. A), and only the last letter was dated June 27, 2011, and received on June 29, 2011 (Docket No. 40).

Plaintiff also indicated $1.80 in receipts and $.60 in disbursements incurred on June 13 and 16, 2011 (Docket No. 57, Ex. A). The receipts identified as "PAYROLL" receipts and additions to plaintiff's inmate account **will not be counted as a motion expense**. As for the disbursement, the legend of that entry says "COPIES (LAW   )" (<u>id.</u>). There is no statement of

what this disbursement is for.  The Court notes that this plaintiff has at least two other cases[3] pending in this District, hence that disbursement could be for another action.  Without further documentation justifying that expense, the $.60 **will not be counted as a motion expense**.

As for plaintiff claiming expenses for legal research, the moving papers do not cite any provision of law or rules save Rule 26(a)(1) cited in this Court's Scheduling Order (cf. Docket No. 31; Docket No. 15, Scheduling Order).  Thus, plaintiff is **denied recovery of legal research expense claim**.

Thus, the copying and postage rates claimed by plaintiff are inflated.  Granted, the original amount sought ($65) as well as the figures considered above are modest, but this is a sizeable amount in plaintiff's institutional account.  Thus, this Court finds that plaintiff shall recover **$25** as his reasonable motion expenses, including within that amount his documented copying and postage costs for the actually filed and served items.

The next issue is whether defendants, their counsel, or both, shall be held responsible for this amount.  It was thought that plaintiff initially had named specific defendants responsible for this sanction (cf. Docket No. 51).  But plaintiff clarified in his letter to the Court that those three persons named were John Doe defendants he had just identified (Docket No. 57; see Docket No. 58).  Thus, plaintiff and defendants have not stated who should be responsible for this sanction.

Here, defendants made the initial disclosure that is the subject of this sanction motion in the face of plaintiff's motion for discovery sanctions.  The choice to not provide initial

---

[3]Brown v. Brun, et al., No. 10CV397.  Plaintiff later commenced a habeas corpus proceeding, Brown v. Bezio, No. 11CV582, which was filed after plaintiff made this discovery sanction motion.

disclosure, despite the Scheduling Order expressly calling for it (Docket No. 15, Scheduling Order, ¶ 3) was that of defense counsel rather than their clients.  Therefore, **defense counsel** shall be responsible for the **$25** sanction imposed herein.

      So Ordered.

                                                */s/ Hugh B. Scott*
                                            Honorable Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
       November 4, 2011