UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA P. BROWN,

                      Plaintiff,

                                                       **Hon. Hugh B. Scott**

                    v.

                                                         10CV396A

                                                           **Order**

CHRISTOPHER LIAN, et al.,

                      Defendants.

      Before the Court is the motion of plaintiff (an inmate proceeding pro se) to compel (Docket No. 47). This Court had granted in part (where defendants had produced in the face of the motion to compel), denied in part much of plaintiff's motion, but required plaintiff to show the relevance and materiality of certain disciplinary records sought despite defendants invoking New York Civil Rights Law § 50-a as a bar to disclosure (Docket No. 62, Order of Sept. 29, 2011, at 6-7). Plaintiff had have until October 28, 2011, to submit his showing of the materiality and relevance of these records to support in camera review and, ultimately, production to plaintiff, which plaintiff submitted (Docket No. 65). Familiarity with that Order (as well prior Orders, Docket No. 41, entered in this case) is presumed.

## BACKGROUND

      Plaintiff initially sued the Steuben County jail administrator Christopher Lian, Sheriff Richard Tweddell, eighteen other corrections officers, officials and jail officers, and John Doe officers for excessive force and cruel and unusual punishment while in the Steuben County Jail (Docket No. 1, Compl.). Plaintiff claims that in the summer of 2008 defendant Lian laughed at

plaintiff and claimed that he was not responsible since plaintiff had been released from custody as officers jumped plaintiff and assaulted him (id. at 5). Plaintiff also moved for leave to proceed in forma pauperis (Docket No. 2). This Court, pursuant to 28 U.S.C. § 1913, granted that motion but dismissed the claims against most of these defendants, leaving claims against Lian, Theodore Haley, Robert McKinley, and Donald Strittmatter (Docket No. 3). Plaintiff later identified three of the John Doe defendants (see Docket No. 51, 57, 58) and he was given until October 3, 2011, to file and serve an Amended Complaint naming them (Docket No. 58).

*Production of Defendants' Disciplinary and Personnel Records, Docket No. 47*

Plaintiff now seeks (among other items considered in a prior Order) each defendant's personnel files, specifically on disciplinary records; all files (including internal affairs and inspector general files) regarding this incident; and any other use of force incidents and whether defendants were disciplined (administratively or criminally) (Docket No. 48, Motion at 1-2).

Pertinent to the remaining issues, defendants assert a privilege under the New York Civil Rights Law § 50-a, against disclosure of defendants' personnel and disciplinary records absent a Court Order (Docket No. 55, Defs. Atty. Affirm. ¶ 4(8), (9)).

Following this Court's Order (Docket No. 62, at 6-7) that plaintiff show the materiality and relevance of defendants' personnel files, plaintiff argues that defendants' personnel records are necessary to show motive and intent to harm inmates, possibly to refute defense contentions that they would not use excessive force (Docket No. 65, Pl. Notice, at 1). Plaintiff claims to have spoken with other inmates who claim to have been unlawfully beaten by defendants (id. at 1-2). He also argues that the prior complains in these disciplinary files are discoverable to show supervisory liability (id. at 2). Plaintiff also filed with this notice further discovery demands,

seeking the names of all inmates in the special housing unit on July 16, 2008, their locations at that time and their present addresses; entry photographs and medical records from July 16, 2008, for plaintiff's entry into the Wyoming County Jail; all defendants' disciplinary records, investigative reports as to use of force, including grievances and complaints; any criminal orders of protection against said defendants; any previous lawsuits against these defendants for any acts of violence against detainees; and the name of the Wyoming County deputy who transported plaintiff from the Steuben County Jail (id. at 3-4).

The Court recently appointed counsel for plaintiff (Docket No. 70).

DISCUSSION

This Court will not address most of plaintiff's latest discovery demands, but will consider the demands related to the privilege issues invoked by defendants under the New York Civil Rights Law § 50-a.

As previously stated (Docket No. 62, Order at 6), the New York Civil Rights Law requires either the "express written consent" of the officer involved or a Court Order before these confidential records can be released, N.Y. Civ. Rts. Law § 50-a(1). Under that state statute, "prior to issuing such court order the judge must review all such requests and give interested parties the opportunity to be heard. No such order shall issue without a clear showing of facts sufficient to warrant the judge to request records for review," id. § 50-a(2); Mercado v. Division of N.Y. State Police, 989 F. Supp. 521, 522 (S.D.N.Y. 1998). If a sufficient basis is found, these records are turned over to the Court under seal for in camera review and the Court will decide which of "those parts of the record found to be relevant and material [are to be made] available to the persons so requesting," N.Y. Civ. Rts. Law § 50-a(3). Plaintiff thus needs to show the

materiality and relevance of the individual defendants' personnel and disciplinary records to warrant this Court's in camera review before production to plaintiff, see Pierce v. Ottaway, No. 06CV644, 2009 U.S. Dist. LEXIS 21866, at *9-11 (W.D.N.Y. Mar. 18, 2009) (Curtin, J.); see also Martin v. Lamb, 122 F.R.D. 143, 147 (W.D.N.Y. 1988) (Fisher, Mag. J.).  No federal rule prohibits discovery of police personnel or disciplinary files, King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (Weinstein, Ch. J.); Pierce, supra, 2009 U.S. Dist. LEXIS 21866, at *10.  While this privilege is only qualified in federal courts, this Court must balance plaintiff's need for the information against the public's interest in disclosure or nondisclosure, Aguilar v. Immigration & Customs Enforcement, 259 F.R.D. 51, 56 (S.D.N.Y. 2009) (Maas, Mag. J.); Mercado v. Division of N.Y.S. Police, 989 F. Supp. 521, 522-23 (S.D.N.Y. 1998) (Grubin, Mag. J.).  The relevance of these documents also needs to be determined prior to any production "even if the defendant has not made a substantial showing of harm," Pierce, supra, 2009 U.S. Dist. LEXIS 21866, at *10; see Barrett v. City of N.Y., 237 F.R.D. 39, 41-42 (E.D.N.Y. 2006).

    Defendants here had asserted the privilege by referencing New York Civil Rights Law and the type of records sought by plaintiff; thus, the burden is on plaintiff to show the materiality and relevance of those records to justify this Court's in camera inspection.  Before deciding the relevance and balancing the interest in keeping these records confidential, this Court has reviewed personnel records in camera, Pierce, supra, 2009 U.S. Dist. LEXIS 21866, at *2, 9-10; Martin, supra, 122 F.R.D. at 147, 148, with Judge Curtin finding in Pierce that there was nothing "remotely relevant" to plaintiff's claims in the officers' personnel records, Pierce, supra, 2009 U.S. Dist. LEXIS 21866, at *10-11.  Therefore, to determine relevance here, this Court requires in camera review of defendants' personnel records responsive to plaintiff's demands.

CONCLUSION

For the reasons stated above, regarding so much of plaintiff's motion to compel (Docket No. 47) seeking production of the individual defendant's personnel or disciplinary records, defendants **shall produce to the Court for <u>in camera</u> review defendants' personnel and disciplinary records** otherwise responsive to plaintiff's demands.  Defendants shall furnish these to the Chambers of the undersigned within **thirty (30) days** of entry of this Order.  Following inspection of these documents, this Court will determine whether they are relevant to this action and should be produced to plaintiff.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 4, 2011